**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | |
|---|---|
| **TANICIA YVONNE CHASE, as Special Administrator for the Estate of Claude Milton Chase III, Deceased, and as Next Friend of Claude Milton Chase IV, Cortez Chase, Cordell Chase, Brionna Chase, and Chelsey Chase, all minors** | **PLAINTIFF** |
| **V.   CASE NO. 3:09CV00167** | |
| **CITY OF EARLE, ARKANSAS; MAYOR SHERMAN SMITH, individually and in his official capacity as Mayor of Earle, Arkansas; PAUL GREEN, individually and in his official capacity as Mayor of Earle, Arkansas; WILLIE FRAZIER, individually and in his official capacity as Chief of Police of Earle, Arkansas; LEE JOHNSON, individually and in his official capacity** | **DEFENDANTS** |

**ORDER**

Plaintiff Tanicia Chase moves to amend her complaint, (Doc. No. 31), and defendants City of Earle, Arkansas, et al., (collectively "defendants") oppose the motion (Doc. No. 32). Defendants also move to dismiss the complaint (Doc. No. 17), and plaintiff opposes dismissal (Doc. No. 29). For the reasons stated below, plaintiff's motion to amend (Doc. No. 31) is denied and plaintiff's complaint is dismissed. Defendants' motion to dismiss (Doc No. 17) is denied as moot.

I. BACKGROUND

Plaintiff alleges that the father of her minor children, Charles Milton Chase III ("decedent"), died while in police custody. The event in question occurred on September 23, 2006, when Officers Lee Johnson and Dennis Mills of the Earle Police Department were called to the scene of a domestic dispute between the decedent and his father. Defendants' answer ¶ 4 (Doc. No. 16).("Defs.' Ans"). Plaintiff alleges that the decedent was lying on the ground, face down, and subdued when the officers arrived. Plaintiff's Complaint ¶ 3. ("Pl.'s Compl.") (Doc. No. 2). Decedent was then placed into the back of Officer Mill's patrol car and transported to City Hall. *Id*. Plaintiff alleges that 15 minutes after being taken into custody, decedent's father was called and asked to report to City Hall. *Id*. When he arrived, he observed decedent in a chair, handcuffed, and bleeding from his mouth. *Id*. Officer Johnson then called 911 and decedent was taken to Crittenden Memorial Hospital where he later died. *Id*. Defendants deny any and all allegations of wrongdoing.

On September 24, 2009, plaintiff filed this *pro se* action alleging violations of decedent's rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, as well as 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and Title VI of the Civil Rights Act of 1964. Plaintiff also alleged state law claims for assault and battery and wrongful death on behalf of decedent.

Plaintiff also alleges violations of 18 U.S.C. § 241, 242, and 243 by defendants against plaintiff's daughter and against plaintiff in her capacity as Special Administrator ("administrator"). Specifically, plaintiff alleges that defendants harassed and otherwise took

actions against her and her daughter to prevent or retaliate against her for filing this action.

In her complaint, plaintiff identified herself as administrator of decedent's estate and claims to bring this action on behalf of said estate, as "next friend" of decedent's minor children by plaintiff, and "next friend" of the decedent's minor children by Satara Chase. Satara Chase was the decedent's spouse at the time of his death. *See* Petition for appointment of administrator, Pl.'s Ex. B (Doc. No. 31). On October 7, 2009, plaintiff filed her motion for appointment of counsel (Doc. No. 3) and it was granted on October 29, 2009 (Doc. No. 7). On November 18, 2009, T. Martin Davis was appointed counsel (Doc. No. 11).

On February 16, 2010, defendants moved to dismiss the complaint arguing that it was barred by the statute of limitations and that it failed to state a claim for which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' motion also asserts the affirmative defense of qualified immunity. In her response, plaintiff refuted defendants' motion and subsequently on March 18, 2010, filed a motion to amend the complaint.

In her motion to amend, plaintiff acknowledges that she was not formalized as administrator for the decedent's estate at the time she filed this action because she failed to sign and return the letters of administration. Plaintiff was formalized as administrator on October 28, 2009; more than one month after the complaint was filed in this case. Letters of Administration, Pl.'s Ex. A (Doc. No. 31).

Defendants oppose the motion to amend (Doc. No. 32), arguing that since plaintiff was not the administrator, the complaint is a nullity and therefore cannot be amended.

Defendants also reassert their statute of limitations, Fed. R. Civ. P. 12(b)(6), and qualified immunity claims and asks the court to dismiss the complaint.

## II. DISCUSSION

Under Arkansas law, survivor and wrongful death actions may be brought when a persons death is caused by the actions of another. *See Meredith v. Buchman*, 101 F.Supp.2d 764, 766 (E.D.Ark. 2000). A survivor action may only be brought by the administrator of the decedent's estate. Ark Code Ann.§ 16-62-101. A wrongful death action may be brought by the administrator or by all the decedent's heirs at law. Ark. Code Ann. § 16-62-102. For the purposes of wrongful death actions, heirs at law means statutory beneficiaries as used in Ark. Code Ann. § 16-62-102(d). *Brewer v. Poole*, 207 S.W.3d 458, 464 (Ark. 2005). Statutory beneficiaries include surviving spouses, children, parents, and siblings of the deceased. *See* Ark. Code Ann. § 16-62-102(d). These actions are statutory creations and plaintiff's must strictly comply with the statutory dictates. *St Paul Mercy Ins. Co., v. Circuit Court of Craighead County*, 73 S.W.3d 584, 588 (2002). Failure to comply renders the complaint a nullity. *See e.g.*, *McKibben v. Mullis*, 90 S.W.3d 442, 445 (Ark. Ct. App. 2002).

In *McKibben,* the court held that a plaintiff's complaint alleging wrongful death and survival actions was a nullity because the plaintiff was not administrator of the decedent's estate at the time the original complaint was filed, and there were other heirs at law. The court also held that the plaintiff's later acquired administrator status did not relate back to the original complaint because the complaint is a nullity; and thereby nonexistent. *Id*.

In this case, plaintiff was not the administrator of the estate at the time the original complaint was filed, and there were other heirs at law; namely Satara Chase. Moreover, plaintiff's later acquired administrator status does not relate back to the original complaint because the court treats the complaint as if it never existed.

It is also important to note that plaintiff filed this action *pro se*. Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business. *Stewart v. Hall*, 129 S.W.2d 238 (Ark. 1939). When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity. *Jones ex rel. Jones v. Correctional Medical Services*, 401 F.3d 950, 952 (8th Cir. 2005). Moreover, a later appointed attorney cannot cure the complaint of its original defect. *Davenport v. Lee*, 348 Ark. 148, 155, 72 S.W.3d 85, 88 (2002). This rule protects the courts interests in ensuring that parties are represented by people knowledgeable and trained in the law. *Jones*, 401 F.3d at 952.

Plaintiff's *pro se* complaint is a nullity and constitutes the unauthorized practice of law because it was brought on behalf of the decedent's estate, the minor children of decedent and plaintiff, and the minor children of decedent and his surviving spouse Satara Chase. In addition, this defect cannot be cured by later appointed counsel because the court treats the complaint as if it never existed.

### III. CONCLUSION

For the above stated reasons, plaintiff's motion to amend (Doc. No. 31) is denied and plaintiff's complaint is hereby dismissed without prejudice.  Defendants' motion to dismiss (Doc. No. 17) is denied as moot.

IT IS SO ORDERED this 21st day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE